UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

                            Plaintiff,

  -vs-                                                    11-CV-945S

Matthew M. Maniace, heir to the
Estate of Deborah Ann Maniace,a/k/a
Deborah Maniace; LeeAnna S. Maniace,
heir to the Estate of Deborah Ann Maniace
a/k/a Deborah Maniace, Justina S. Maniace,
heir to the Estate of Deborah Ann Maniace
a/k/a Deborah Maniace, Luis A. Martinez on
behalf Maria L. Martinez, as heir to the
Estate of Deborah Ann Maniace a/k/a Deborah
Maniace,as Guardian,et.al.

                            Defendants
_____

## JUDGMENT OF FORECLOSURE AND SALE

On the original Summons and duly Verified Complaint and Notice of Pendency of this action, filed in the office of the Clerk of this Court, and upon due proof of service upon each of the defendants in this action, and upon the Affidavit of Gary M. Kanellis, sworn to on May 30, 2012, by all of which it appears to the satisfaction of this Court that the plaintiff is in all respects entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law, now, upon the motion of the United States of America,

IT HEREBY IS ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as, 5 Norris Avenue, Batavia, NY 14020, New York, a parcel of land improved with a single family home, be sold in and as one parcel, as a sale

in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at public auction at the Genesee County Courthouse, 7 Main Street, Batavia, NY 14021, New York, by and under the direction of Charles Salina, United States Marshal for the Western District of New York, who is hereby directed to make the sale of said premises.

The United States Marshal shall give public notice of the time and place of sale as follows:

That he cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

Matthew M. Maniace,
5 Norris Avenue
Batavia, NY 14020

LeeAnna S. Maniace,
5872 Griswold Street
Byron, NY 14422

Justina S. Maniace,
83 River Street
Batavia, NY 14020

Luis A. Martinez on behalf Maria L. Martinez, as Guardian
5364 Horseshoe Lake Road
Batavia, New York 14020

Rural Opportunities, Inc.
400 East Avenue
Rochester, NY 14607

The Estate of Charles Lawrence Mancuso
c/o Woods Oviatt Gilman
700 Crossroads Building, 2 State Street
Rochester,  NY 14614

Colorado Capital Investments, Inc.
305 NE Loop 820, Suite 404
Hurst Texas 76053

Asset Acceptance LLC
28405 Van Dyke
Warren, Michigan 48093

Audrey V.A. Bullen, Assistant Attorney General
Attorney for Defendants,
New York State Department
of Taxation & Finance
The Capitol
Albany, NY 12224

That he post copies of the Notice of Sale in three (3) conspicuous public places in Genesee County, New York, where the premises are located;

That he cause the Notice to be published once weekly for four consecutive weeks in the **Batavia Daily News**, a newspaper of general circulation published in Genesee County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 5 Norris Avenue, Batavia, NY 14020.

The plaintiff or any other party to this action may become a purchaser on such sale.

The United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, his fees and commissions on the said sale not exceeding, however, the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $1,651.75 hereby adjudged to constitute plaintiff's costs in this action, with interest thereon from the date hereof, and the sum of $106,918.36, with interest thereon from March 29, 2012, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

That, in case the plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by the plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting there from the amounts paid by the plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of such surplus; and that the United States Marshal then shall make the payments as herein directed.

That the United States Marshal take the receipt of the plaintiff or its attorney, for the amounts paid as herein above directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the United States Marshal make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to plaintiff, with the expenses of sale, interest, costs, and allowances, as aforesaid, the United States Marshal specify the amount of such deficiency in his Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises;

FURTHER that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof;

The description of the said premises is attached hereto.

SO ORDERED.

DATED: Buffalo, New York
         August 22, 2012

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
